**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1493**

THOMAS ERDMAN,

Plaintiff - Appellant,

v.

FLEETCOR TECHNOLOGIES, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-cv-00903-FL)

Submitted:  April 15, 2020                                    Decided:  June 3, 2020

Before KING, KEENAN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William P. Barrett, Joshua M. Krasner, BARRETT LAW OFFICES, PLLC, Raleigh, North Carolina, for Appellant.  Nathan A. Huff, Raleigh, North Carolina, Susan W. Furr, PHELPS DUNBAR, LLP, Baton Rouge, Louisiana, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Erdman sued his former employer, Fleetcor Technologies, Inc. (Fleetcor), alleging breach of contract, breach of the covenant of good faith and fair dealing, and violation of the North Carolina Wage and Hour Act (NCWHA), among other claims. After denying Erdman's motion to strike Fleetcor's motion for summary judgment, the district court awarded Fleetcor summary judgment on all claims. Having examined the record below and the arguments presented on appeal, we agree with the district court that Erdman's contract claims are barred by the statute of limitations and his NCWHA claim fails because he cannot show that he earned vesting of the denied stock options. We also find no abuse of discretion in the district court's denial of Erdman's motion to strike. We therefore affirm.

I.

A.

In March 2013, Erdman accepted the position of senior vice president of mobile solutions at Fleetcor. He did so pursuant to an offer letter from Fleetcor that described the compensation and potential bonuses for his position. The letter also informed Erdman that he would be awarded 15,000 Fleetcor Performance Stock Options. At the time Erdman received the offer letter, both he and the Fleetcor employees with whom he negotiated believed these options would be subject to performance criteria and therefore would vest when Erdman reached predetermined performance goals. However, the offer letter did not detail these vesting criteria. Instead, it assured Erdman that "[w]e will work together to

2

establish the performance criteria over the next month." J.A. 197. Erdman signed the offer letter on March 12, 2013.

After Erdman began employment, Fleetcor presented him with proposed performance criteria that would vest 50% of his stock options if, during his first year of employment, his section of Fleetcor met certain goals for earnings before interest, taxes, depreciation, and amortization. But when these criteria were presented to Fleetcor's compensation committee, it declined to approve them. Thus, Erdman was left in limbo, possessing 15,000 stock options but without a way to vest them. Erdman learned of the committee's denial in July 2013. The situation remained unchanged until April 2014, when the compensation committee voted to vest 25% of Erdman's options but again declined to establish vesting criteria for the remaining 75%. Fleetcor terminated Erdman in April 2016 without vesting or establishing vesting criteria for his remaining unvested stock options.

B.

On November 16, 2016, Erdman filed suit against Fleetcor in district court. His complaint alleged breach of contract, breach of the covenant of good faith and fair dealing, violation of the NCWHA, and other claims not relevant to this appeal. Erdman alleged that Fleetcor breached the offer letter by not approving vesting criteria for his stock options. He argued that the offer letter created a binding contract to provide him with 15,000 vested options, which he estimated would be worth more than a million dollars at the time of the suit. He also alleged that Fleetcor had violated the NCWHA by not paying him wages (the roughly one million dollars of vested options) that he had earned.

3

Following discovery, Fleetcor filed a motion for summary judgment on all claims. Fleetcor filed its motion one day after the deadline set by the district court, which fell on a Sunday, and sought a one-day extension of time to file. Erdman filed a motion to strike. Citing Rule 6 of the Federal Rules of Civil Procedure, the district court granted the extension and denied Erdman's motion to strike.

The district court then granted Fleetcor's motion for summary judgment. As relevant here, the district court held that Erdman's contractual claims were barred by North Carolina's three-year statute of limitations for breach of contract actions. *See* N.C. Gen. Stat. § 1-52(1). The court reasoned that the terms of the offer letter bound Fleetcor to work to establish performance criteria for the stock options only "over the next month," meaning that any breach of the contract occurred no later than April 2013, and Erdman was aware of the breach by July 2013 at the latest, when he learned the committee had not approved the proposed vesting criteria. Erdman filed his suit in November 2016, more than three years after either date. As for the covenant of good faith and fair dealing, the district court concluded that claim was "part and parcel" of Erdman's breach of contract claim and was also time-barred. J.A. 932.

The district court further held that Erdman could not bring a successful NCWHA claim because he could not show that he earned vesting of his stock options. The NCWHA requires an employer to pay "wages and benefits due *when the employee has actually performed the work required to earn them.*" *Kornegay v. Aspen Asset Grp., LLC*, 693 S.E.2d 723, 735 (N.C. App. 2010) (emphasis in original) (quoting *Narron v. Hardee's Food Sys., Inc.*, 331 S.E.2d 205, 208 (N.C. App. 1985)); *see also* N.C. Gen. Stat. §§ 95-

4

25.2(16), 95-25.6; *Morris v. Scenera Research, LLC*, 788 S.E.2d 154, 159 (N.C. 2016) (quoting *Kornegay*, 693 S.E.2d at 735). Because vesting criteria had never been approved for the 75% of stock options that Erdman did not receive, the court concluded that Erdman could not have performed the work required to earn vesting of those options. Therefore, the court held that the NCWHA did not entitle Erdman to relief.

## II.

We review the district court's grant of summary judgment de novo, *Providence Square Assocs., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000), and its decisions denying a motion to strike and granting an extension of time under Rule 6 for abuse of discretion, *see United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018) (motion to strike); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (extension of time).

Based on our independent examination of the record and applicable law, we agree with the district court on all counts. Whether the offer letter promised establishment of vesting criteria or merely good faith negotiations, that duty extended only "over the next month." J.A. 197. The district court correctly concluded that the three-year statute of limitations had expired by the time Erdman filed his claims for breach of contract and breach of the covenant of good faith and fair dealing. The court was also correct in holding that the NCWHA did not entitle Erdman to relief because, given the absence of vesting criteria, he could not show that he had earned any of the remaining 75% of his stock options.

5

Regarding Erdman's motion to strike Fleetcor's motion for summary judgment, we find no abuse of discretion in the district court's ruling denying that motion and granting Fleetcor a one-day extension of time to file. The court considered the parties' arguments and found "good cause on the face of the motion for an extension" of time, noting that "curative action quickly was undertaken by [Fleetcor]." J.A. 342; *see* Fed. R. Civ. P. 6(b)(1).

Finally, Erdman advances multiple arguments not presented to the district court, including one he was specifically barred from raising below. We decline to address Erdman's arguments on appeal that were not made before the district court or were barred by the court's order denying leave to amend the complaint, which order Erdman has not appealed. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 515 (4th Cir. 2015).

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*